# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

| | |
|---|---|
| MICHAEL SMART, *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | Case No. 5:21-cv-00142-JSM-PRL |
| v. | |
| BOSE CORPORATION, | **CLASS ACTION** |
| Defendant. | |

## DEFENDANT BOSE CORPORATION'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Submitted by:

Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 228-8180
Fax: (813) 229-8189

Aarti Reddy, CA Bar No. 274889
areddy@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel: (415) 693-2000
Fax: (415) 693-2222
*Pro hac vice motion pending*

*Attorneys for Defendant Bose Corporation*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................1

II.     FACTUAL BACKGROUND .................................................................3

III.    LEGAL STANDARD ...........................................................................4

    A.      Pleading Standard.................................................................4

    B.      The FSCA .............................................................................5

IV.     ARGUMENT.......................................................................................6

    A.      Plaintiff Fails to Meet the Rule 8(a) Pleading Standard....................6

    B.      Plaintiff Fails to State a Claim Under Rule 12(b)(6)........................ 11

        1.      The Information Allegedly Intercepted Does Not Qualify as "Content" Under the FSCA. ................................................. 11

        2.      The FSCA Does Not Apply Because Plaintiff Impliedly Consented to the Alleged Interception of Data. .................... 15

        3.      Canons of Statutory Construction Warrant Dismissal of Plaintiff's FSCA Claim. .........................................................19

            a.      The legislative purpose makes clear that the FSCA does not apply. .............................................................19

            b.      The Rule of Lenity instructs that the FSCA should not be construed so broadly..........................................21

            c.      The judiciary should defer to the legislature.............. 23

V.      CONCLUSION.................................................................................. 24

Defendant Bose Corporation ("Defendant" or "Bose") respectfully moves the Court to dismiss Plaintiff's Class Action Complaint (the "Complaint") pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to put Defendant on sufficient notice of the claims against it, and failure to state a claim for relief under the Florida Security of Communications Act ("FSCA"), respectively.

## I.    INTRODUCTION

This action is one of nearly three dozen copy-and-paste lawsuits recently filed by the same plaintiffs' counsel against different websites throughout the state of Florida.  (*See* ECF No. 12 (the "Related Cases").)  The complaints are identical— the only difference is the name of the parties and the number of times the plaintiff visited the website.  Each alleges "upon information and belief" that a company's use of "session replay" software to "track" or "record" the plaintiff's "use and interaction" with the company's website violated Florida's criminal wiretapping statute first enacted in 1969—decades before the Internet became commonplace.

Session replay technology is a data analytics tool that is widely used by companies to enhance user experience and functionality of their websites—it does not collect user data for purposes of ***selling*** it.  *See Graham v. Noom, Inc.*, No. 20-cv-06903, 2021 WL 1312765, at *5 (N.D. Cal. Apr. 8, 2021) (recognizing this distinction in dismissing wiretap claims and noting that session replay technology "provides a ***tool*** . . . that allows [a website] to record and analyze its own data in

aid of [its] business").[1]  Commercial businesses routinely license such technology from third party providers who centrally host the relevant software or code (as opposed to requiring the customer to obtain copies of the software and upload it to their systems).  By hosting the software themselves, these third party vendors actually help their customers better protect the privacy of their website users by anonymizing the data or not collecting personal information at all.

As set forth below, Plaintiff's claims suffer from numerous fatal defects. ***First***, the Complaint does not satisfy the Rule 8 pleading requirements because its barebones allegations are insufficient to even put Defendant on adequate notice of the claims against it.  Indeed, Plaintiff fails to plead nearly all of the statutory elements, omitting any description whatsoever as to: (1) the timing of the alleged acquisition of Plaintiff's communications; (2) the alleged content of the communications Defendant purportedly wiretapped; (3) how session replay software meets the FSCA's definition of a wiretapping device; or (4) whether Defendant ever used the so-called content that it purportedly intercepted. ***Second***, even if the Court were to overlook these threshold pleading defects (it should not), the Complaint fails to state a claim under the FSCA because no substance of any communication was recorded (or "intercepted"), and therefore, the captured information falls outside the scope of the statute.  ***Third***, Plaintiff

---

[1] Except as noted, all citations and quotations are omitted, and all emphasis is added.

assented to Bose's Privacy Policy by visiting its website, and thus consented to Defendant's collection of data disclosed in that Policy.

***Finally***, and perhaps most fundamentally, interpretation of the FSCA itself dictates dismissal.  No published case has applied the FSCA to session replay technology, or indeed, in the Internet context at all.  Yet, Plaintiff asks this Court to interpret the FSCA so broadly that it would create criminal liability for nearly every website in the country simply for using this widely adopted session replay technology.  The federal and state courts in this State have already seen a flood of litigation against 30+ companies for using this commonplace technology.  This legal gambit finds no support in the statutory text, the law's legislative history, or the fundamental policies underlying the role of the judiciary.

## II.    FACTUAL BACKGROUND

Plaintiff's allegations regarding his interactions with Defendant's website (the "Website") are identical to the allegations pled in the 30+ Related Cases filed by the same plaintiffs' counsel.[2]  (*See* ECF No. 12.)  Specifically, Plaintiff alleges that he visited the Website "approximately" eight times "over the past year."  (ECF No. 1-1 ("Complaint") ¶ 11.)  Plaintiff's ***only*** allegations regarding those visits are, "upon information and belief," that Bose "utilized tracking, recording and/or 'session replay' software to contemporaneously intercept Plaintiff's use and

---

[2] Plaintiff's claims also resemble a series of lawsuits recently filed by different plaintiffs' counsel in other jurisdictions, primarily California.  *See, e.g., Graham*, 2021 WL 1312765 (dismissing claims brought under California's wiretapping statute); *Javier v. Assurance IQ, LLC*, No. 4:20-cv-02860, 2021 WL 940319 (N.D. Cal. Mar. 9, 2021) (same).

interaction with the website, including mouse clicks and movements, information inputted by Plaintiff, and/or pages and content viewed by Plaintiff," and that Bose recorded his location and the time and dates of his visits.  (*Id.* ¶ 14.)  Plaintiff claims that he did not consent to any "interception."  (*Id.* ¶¶ 15–17.)

Notably, Plaintiff does not plead any specific details ***about*** his interaction with Defendant's Website.  For instance, he does not describe what (if any) information he may have input into the Website, what pages or content he viewed on the Website, whether and how this information was private, or how the supposed interception caused him any harm whatsoever.

Based on these scant allegations, Plaintiff asserts a single count for violation of the FSCA under Sections 934.03(1)(a) and 934.03(1)(d), on behalf of himself and a putative class of all persons residing in Florida who visited the Website and whose electronic communications were purportedly intercepted by or on behalf of Bose without their prior consent.  (*Id.* ¶¶ 20, 30–41.)  He claims statutory damages of $100 a day for each day of violation or $1,000, whichever is higher.  (*Id.* ¶ 39.)  Plaintiff filed suit against Bose on February 10, 2021 and Bose timely removed to this Court on March 9, 2021. (ECF No. 1.)

## III.   LEGAL STANDARD

### A.   **Pleading Standard**

"To survive a motion to dismiss, a complaint must [] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London*, 489 F.

Supp. 3d. 1303, 1306 (M.D. Fla. 2020) (Moody, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "Legal conclusions, though, 'are not entitled to the assumption of truth.'"   *Id.* (quoting *Iqbal*, 556 U.S. at 664).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.   When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> **B.   The FSCA**

Plaintiff alleges that Defendant violated two provisions of the FSCA. (Compl. ¶¶ 30–41.)   Section 934.03(1)(a) makes it a crime to "[i]ntentionally intercept[], endeavor[] to intercept, or procure[] any other person to intercept or endeavor to intercept any wire, oral, or electronic communication."   Fla. Stat. § 934.03(1)(a).   Under Section 934.03(1)(d), one may not "[i]ntentionally use[], or endeavor[] to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of [the FSCA]."   *Id.* § 934.03(1)(d).   The FSCA defines "intercept" as "the aural or other ***acquisition*** of the ***contents*** of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other ***device***."   *Id.* § 934.02(3).[3] But, the statute does not apply if "all of the parties to the communications have given prior consent to such interception."   *Id.* § 934.03(3)(d).   Finally, the FSCA

---

[3] Several of these key terms are also defined, as discussed herein.

"was modeled after the Federal Wiretap Act," ("ECPA"), and thus, "Florida follows federal courts as to the meaning of provisions after which Chapter 934 was modeled." *Minotty v. Baudo*, 42 So. 3d 824, 831 (Fla. 4th DCA 2010).

## IV.   ARGUMENT

### A.   Plaintiff Fails to Meet the Rule 8(a) Pleading Standard

Rule 8 requires only "a short and plain statement of the claim" to provide a defendant "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). Because Plaintiff brings suit under two separate provisions of the FSCA, he must meet Rule 8 as to each. For his claim under Section 934.03(1)(a), Plaintiff must plausibly allege that Bose (1) intentionally; (2) acquired; (3) the contents; (4) of an electronic communication; (5) through the use of any electronic, mechanical, or other device that is not subject to exemption. *See* Fla. Stat. §§ 934.03(1)(a), 934.02(3). For his claim under Section 934.03(1)(d), Plaintiff must show the same five elements, and plead the additional sixth element that Bose "used" the contents of such communication.

The Complaint's mere recitation of these statutory elements—without a single detail beyond how many times Plaintiff visited the Website—is insufficient. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's . . . formulaic recitation of the elements of a cause of action will not do."); *Sunbelt Rentals, Inc. v. Victor*, 43 F. Supp. 3d 1025, 1031 (N.D. Cal. 2014) (dismissing ECPA claim after finding "this otherwise conclusory assertion" that defendant "intercepted" electronic

communications to be insufficient).  Here, the Complaint does not provide any detail about Plaintiff's communications with the Website, how Bose acquired the communications, or how the software acted as a device to intercept the content of those communications.

As an initial matter, the various pleading defects are further compounded by the fact that the already sparse allegations concerning Plaintiff's visits to the Website are pled exclusively "upon information and belief."  (*See* Compl. ¶ 14.) "Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* [Rule 8] standard." *Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (quoting *Phoenix Ent. Partners, LLC v. Orlando Beer Garden, Inc.*, No. 6:16-cv-80, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016)).  *See also Smith v. City of Sumiton*, 578 F. App'x 933, 935 n.4 (11th Cir. 2014) ("[F]or purposes of a Rule 12(b)(6) motion to dismiss, we do not have to take as true allegations based merely 'upon information and belief.'").  Because the entire Complaint is premised on an allegation made "upon information and belief" that lacks any factual support, it cannot survive a motion to dismiss on this basis alone.

Setting this issue aside, the Complaint is also devoid of any ultimate facts establishing several of the statute's essential elements:

**Failure to plead an in transit, contemporaneous acquisition**.  The FSCA requires that the acquisition of electronic communications be

contemporaneous with transmission. *See United States v. Steiger*, 318 F.3d 1039, 1048–49 (11th Cir. 2003) ("[A] contemporaneous interception—*i.e.*, an acquisition during 'flight'—is required to implicate the [federal] Wiretap Act with respect to electronic communications."); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (same); *Handley v. Wilson*, No. 08-14444-CIV, 2010 WL 11607357, at *9 (S.D. Fla. Feb. 10, 2010) (the FSCA requires that electronic communications be "intercepted during contemporaneous transmission"). "Indeed, under the narrow reading of the Wiretap Act we adopt from the Fifth and Ninth Circuits, ***very few*** seizures of electronic communications from computers will constitute 'interceptions.'" *Steiger*, 318 F.3d at 1050.

Plaintiff's single allusion to contemporaneity is conclusory and fails to meet the Rule 8(a) pleading standard.  (*See* Compl. ¶ 14 (alleging that Defendant used "'session replay' software to contemporaneously intercept Plaintiff's use and interaction with the website").)  Indeed, the Complaint does not provide even a cursory description of how the session replay software collects data, let alone that it does so while the communication is in transit.  Courts have routinely dismissed wiretap claims in these instances.  *See, e.g.*, *Denarii Sys., LLC v. Tellez*, No. 11-22149-CIV, 2011 WL 13322664, at *7 (S.D. Fla. Oct. 14, 2011) (dismissing ECPA claim because plaintiffs did not adequately describe the system by which communications were intercepted, and therefore did not sufficiently plead in transit interception), *report and recommendation adopted*, 2011 WL 13322666, at *1 (S.D. Fla. Nov. 18, 2011); *Vasil v. Kiip, Inc.*, No. 16-CV-09937, 2018 WL

1156328 at *4 (N.D. Ill. Mar. 5, 2018) (dismissing ECPA claim for failure to sufficiently allege interception in transit); *In re Vizio Inc. Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) ("conclusory allegation that [defendant] intercepted [] electronic communications 'during transmission'" was insufficient).  Plaintiff thus fails to allege that any data between himself and the Website was "acquired" in transit as required by the FSCA.

**Failure to describe the alleged content that was intercepted**.  To state any claim under the FSCA, Defendant must "intercept" the "content" of Plaintiff's communication, *i.e.*, "information concerning the substance, purport, or meaning of that communication."  Fla. Stat. §§ 934.02(3), (7).  Here, Plaintiff does not allege what substantive "content" Bose intercepted.  Indeed, he merely alleges in a conclusory fashion that Defendant violated the FSCA by intercepting his "interactions" with the Website, including his "mouse clicks and movements, information inputted by Plaintiff, and/or pages and content viewed by Plaintiff. . . . Plaintiff's location during the visits, as well as the time and dates of each visit." (Compl. ¶ 14.)  But, Plaintiff provides no further detail about these "interactions," such as ***what*** (if any) pages or content he viewed, what ***information*** (if any) Plaintiff input into the Website, the ***substance*** of any allegedly intercepted communication, or whether ***all*** of this information was collected for ***every*** class member.[4]  These deficiencies not only fail to meet a required element under the

---

[4] Plaintiff's use of the "and/or" conjunction highlights the deficiencies of these allegations.

FSCA, but make it nearly impossible for Defendant to meaningfully defend itself, for instance, by enabling Defendant to cite applicable law regarding whether information input by Plaintiff qualifies as "content." Accordingly, Plaintiff has not carried his burden under Rule 8 and his claim should be dismissed for failing to allege "content." *See Twombly*, 550 U.S. at 545.

**Failure to allege that Session Replay Technology is a "device."** To state a claim under the FSCA, Plaintiff must allege that the interceptions occur "through the use of any electronic, mechanical, or other device." Fla. Stat. § 934.02(3). "Electronic, mechanical, or other device" is defined in part as "any device or apparatus which can be used to intercept a wire, electronic, or oral communication . . . ." Fla. Stat. § 934.02(4). The Complaint does not allege that Defendant used ***any*** device, let alone mention ***how*** that device can be used to intercept a communication "during 'flight.'" *See Steiger*, 318 F.3d at 1048–49. Without these allegations, Defendant is left to guess what "device" it used to implicate the FSCA, and if so, whether it qualifies for any of the exceptions contemplated by the statute. *See* Fla. Stat. §§ 934.02(4)(a)(1), (a)(2).

Plaintiff cannot salvage his pleading failure here by the vague allegation that "Defendant utilized tracking, recording and/or 'session replay' software." (*See* Compl. ¶ 14.) Numerous courts have found that non-tangible computer processes such as software are not "devices" under the wiretap statutes. *See, e.g.*, *Potter v. Havlicek*, No. 3:06-CV-211, 2008 WL 2556723, at *8 (S.D. Ohio June 23, 2008) (dismissing federal wiretap claim because "the word 'device' does not encompass

software"); *Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, No. 07-1029, 2007 WL 4394447, at \*4 (E.D. Pa. Dec. 13, 2007) ("The drive or server on which an e-mail is received does not constitute a device for purposes of the Wiretap Act."). Accordingly, the Complaint should be dismissed for failure to allege the essential element of interception through a "device."

**Failure to allege use**.  Plaintiff purports to bring a claim under Section 934.03(1)(d) of the FSCA, which makes it illegal to "use" the allegedly intercepted electronic communication.  Yet, he fails to allege *how* (if at all) Defendant *used* any intercepted communications.  Rather, Plaintiff merely states that "Defendant violated § 934.03(1)(d) of the FSCA by using the unlawfully intercepted electronic communications." (Compl. ¶ 37.)  Such "threadbare recitals" are insufficient under Rule 8(a) and again do not pass muster under *Iqbal*.  556 U.S. at 663.  Plaintiff's Section 934.03(1)(d) claim should be dismissed for failure to allege "use."

**Failure to allege future use**.  Finally, Plaintiff's claim for injunctive relief should also be dismissed for failure to allege any intent to use the Website in the future.  *See Graham*, 2021 WL 1312765, at \*8.

### B.    Plaintiff Fails to State a Claim Under Rule 12(b)(6)

#### 1.    The Information Allegedly Intercepted Does Not Qualify as "Content" Under the FSCA.

Even if the Complaint could survive these threshold pleading deficiencies (it cannot), it is incurably defective under Rule 12(b)(6).  That is because none of the electronic communications allegedly intercepted by Defendant—to the extent Plaintiff's allegations are decipherable at all—could qualify as "content" under the

FSCA.  "Content" is defined as "any information concerning the substance, purport, or meaning of that communication."  Fla. Stat. § 934.02(7).[5]  But not all electronic communications reveal "content."   Indeed, numerous courts interpreting ECPA and the SCA distinguish between "a record or other information pertaining to a . . . customer" (record information), and the substantive content of the communication itself.  *See In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) ("the term 'contents' refers to the intended message conveyed by the communication, and does not include record information").  Here, Plaintiff alleges that Bose intercepted (1) his mouse clicks and movements, (2) the pages and content he viewed, (3) his location during the visits, (4) the time and dates of each visit, and (5) information that he input.  (Compl. ¶ 14.)  Even were this Court to credit Plaintiff's conclusory allegations that Bose received such information, none of it qualifies as "content" under the FSCA, as none of it reveals the substance of a communication.

**Mouse clicks and movements/pages and content viewed**.  This type of information does not convey the meaning of any communication.  In fact, it is the electronic analogue to record information Bose could have received via an in-store security camera at a brick-and-mortar store.   The court in *Minotty* confronted this situation and found no interception where hidden security cameras

[5] The ECPA and its counterpart, the Stored Communications Act ("SCA") define "contents" identically to the FSCA.  *See* 18 U.S.C. §§ 2510(8), 2711(1) (content "includes any information concerning the substance, purport, or meaning of that communication").

were installed at certain doctors' offices and recorded footage of the doctors alone and with their patients. 42 So. 3d at 828, 830–32. The *Minotty* court concluded that these silent surveillance videos of the doctors' physical conduct did not capture "content" as defined by the FSCA, because they did "not convey the *substance* of a particular communication." *Id.* at 830. (emphasis in original). Likewise, recording mouse clicks and movements through various web pages that display content are nothing more than tracking movements through a doctor's office or a retail store. *See In re Zynga*, 750 F.3d at 1107–09 (the webpage a user views is akin to an address and does not constitute "content").

**Location**.   Court have similarly and consistently held that address and geolocation information are not considered "content." *See, e.g.*, *Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 729 (N.D. Cal. 2014) (physical address is non-content record information); *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1127 (W.D. Wash. 2012) (geolocation data does not constitute "content" under ECPA); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1061–62 (N.D. Cal. 2012) (automatically generated geolocation data is not "content" under ECPA).

**Time and date of the visit**.   Courts have long viewed such information to be non-content record information. *See, e.g.*, *United States v. Reed*, 575 F.3d 900, 914–17 (9th Cir. 2009) (a telephone call's "origination, length and time" is "record" information under ECPA). The electronic context is no different. *See, e.g.*, *McCoy v. Alphabet, Inc.*, No. 20-cv-05427, 2021 WL 405816, at *13–14 (N.D. Cal. Feb. 2, 2021) (data collected on when and how often a smartphone user opens and runs

certain apps and the amount of time spent on those apps is not "content" under California's wiretapping law ("CIPA")).[6]   Moreover, this information is again analogous to that which would have been acquired had Plaintiff shopped in-store. *See Minotty*, 42 So. 3d at 830–32.

**Information input**.   Because Plaintiff fails to allege ***what precise*** information he input, if any (which is an independent basis for dismissal), Defendant is again left to guess whether it constitutes "content" under the FSCA. However, many types of information that are commonly input on websites are deemed non-substantive and outside the purview of the wiretap statutes, such as:

- Dialed phone numbers.  *See P.J. v. State*, 453 So. 2d 470, 472 (Fla. 2d DCA 1984) and *Armstrong v. S. Bell Tel. & Tel. Co.*, 366 So. 2d 88, 89 (Fla. 1st DCA 1979) (phone number is not "content" under FSCA);

- Name, address, and email address.  *See In re Zynga*, 750 F.3d at 1107-09 (username and webpage address do not constitute "content" under ECPA); *Svenson*, 65 F. Supp. 3d at 729 (name, email address, Google account name, address, and telephone number do not constitute "content" under SCA); *Obodai v. Indeed, Inc.*, No. 13-80027-MISC, 2013 WL 1191267, at *3 (N.D. Cal. Mar. 21, 2013) (information input when a user creates a Gmail account does not constitute "content" under SCA);

- Usernames and passwords.  *See Brodsky*, 2019 WL 4141936, at *6–7 ("login activities," including user names and passwords, are not content under CIPA); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1083–84 (N.D. Cal. 2015) (usernames and passwords are not "content" under ECPA).[7]

---

[6] "The analysis for a violation of CIPA is the same as that under the federal Wiretap Act." *Brodsky v. Apple Inc.*, No. 19-CV-00712, 2019 WL 4141936, at *6 (N.D. Cal. Aug. 30, 2019).

[7] Plaintiff's reliance on *O'Brien v. O'Brien*, 899 So.2d 1133 (Fla. 5th DCA 2005) is unavailing.  (Compl. ¶ 2.)  In that case, plaintiff's wife installed spyware on her husband's computer, which secretly captured "all chat conversations, instant messages, e-mails sent and received, and the websites visited by the user of the computer." *O'Brien*, 899 So.2d at 1134. In other words, the spyware captured the

Moreover, the statutory text supports rejecting the foregoing categories of information as "content." The 1988 amendment adding "electronic communications" to the FSCA specifically excluded "[a]ny communication from an electronic or mechanical device which permits the ***tracking*** of the movement of a person or an object . . . ." Fla. Stat. § 934.02(12)(c). Thus, the plain language of the statute exempts the same "tracking" that allegedly gives rise to this lawsuit.

2.   **The FSCA Does Not Apply Because Plaintiff Impliedly Consented to the Alleged Interception of Data.**

Assuming, *arguendo*, that the FSCA applies to Plaintiff's interactions with the Bose Website (it does not), and that Plaintiff has otherwise stated a plausible claim for relief (he has not), the Complaint must be dismissed because Plaintiff consented to the alleged interception. Interception is "lawful" where "all of the parties to the communication have given prior consent to such interception." Fla. Stat. § 934.03(3)(d). Under the FSCA, consent need not be express but may be implied in fact based on whether the surrounding circumstances demonstrate that the recorded party knew of the recording. *Cf. Levin v. Red Rock Fin. Servs., LLC*, No. 70006, 133 Nev. 1043, 2017 WL 519414, at *1 (Nev. App. 2017) (interpreting the FSCA); *see also In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028 (N.D. Cal. 2014) ("Consent to an interception under the [federal] Wiretap Act may be either

---

***substance*** of her husband's communications. *Id.* That is far cry from this case, as Plaintiff fails to allege that he had any substantive communication on the Bose Website, or that any such communication was recorded. Further, the tracking in *O'Brien* extended to all website browsing activity, as opposed to the alleged tracking here, which is limited to one website.

explicit or implied, but it must be actual."). Despite Plaintiff's assertion to the contrary (Compl. ¶ 15), the facts alleged here show that Plaintiff did, in fact, consent.

By using, interacting with, and allegedly typing information into the Website (*id*. ¶ 14), Plaintiff consented to the alleged interception, or recording, of that information by the Website or its SaaS (software as a service) providers. Indeed, many courts interpreting analogous two-party consent wiretapping statutes have found that conducting certain online activities inherently gives the receiving party consent to intercept (or record) the sender's communications. *See, e.g.*, *State v. Lott*, 879 A.2d 1167, 1172 (N.H. 2005) (finding that sender of email and instant messages gave implied consent to their interception because recording is a "necessary" part of these technologies); *State v. Townsend*, 57 P.3d 255, 260–62 (Wash. 2002) (finding the same, because any sender of an online communication "anticipates that it will be recorded" and understands that "computers are, among other things, a message recording device"). A Pennsylvania court put it best:

> This situation is unlike one in which a party is engaging in a conversation over the telephone. While engaging in a conversation over the telephone, a party would have no reason to believe that the other party was taping the conversation. ***Any reasonably intelligent person, savvy enough to be using the Internet, however, would be aware of the fact that messages are received in a recorded format, by their very nature, and can be downloaded or printed by the party receiving the message.*** By the very act of sending a communication over the Internet, the party expressly consents to the recording of the message.

*Commonwealth v. Proetto*, 771 A.2d 823, 829 (Pa. Super. Ct. 2001), *aff'd*, 837 A.2d 1163 (Pa. 2003); *see also State v. Glant*, 13 Wash. App. 2d 356, 364–67 (Wash Ct.

App. 2020) (applying *Townsend* to find implied consent).  The same reasoning applies here.   Thus, the Complaint should be dismissed because all parties consented to the alleged recording.

Moreover, Plaintiff impliedly consented to the collection of his data by visiting the Website—which links to the Bose Privacy Policy at the bottom of the page—"approximately 8 times" in the year prior to filing his Complaint (*see* Compl. ¶ 11).  *See Townsend*, 57 P.3d at 261–62 (inferring consent to the privacy policy by the individual's familiarity with the technology).   Likewise here, Bose had two iterations of its Privacy Policy when Plaintiff claims that he visited the Website, all of which explicitly disclosed the following:

> We obtain information about you through the means discussed below when we provide the Services. Please note that we need certain types of information so that we can provide the Services to you. If you do not provide us with such information, or ask us to delete it, you may no longer be able to access or use our Services.

## THE INFORMATION WE COLLECT

- **1. Information You Provide to Us**

  - Bose collects a variety of information that you provide directly to us. . . .

- **2. Information We Collect Through Automated Means**

  - When you use our Services, we collect certain information as described in this Section. As discussed further below, we and our service providers (which are third party companies that work on our behalf), may use a variety of technologies, including cookies and similar tools, to assist in collecting this information.

  - **Websites.**  When you use our websites, we collect and analyze information such as your IP address, browser types, browser language, operating system, the state or country from which you

accessed the Services, software and hardware attributes (including device IDs) referring and exit pages and <u>URLs</u>, platform type, the <u>number of clicks</u>, files you download, domain names, landing pages, <u>pages viewed and the order of those pages, the amount of time spent on particular pages, the terms you use in searches on our sites</u>, the <u>date and time</u> you used the Services and upload or post content, error logs, and other similar information.

o **Location Information**. When you use the Services, we and our service providers may automatically collect <u>general location information</u> (e.g., IP address, city/state and or postal code associated with an IP address) from your computer or mobile device. . . .

## HOW WE USE YOUR INFORMATION

- We, or our service providers, use your information . . . for various business and operational purposes depending on the types of information we have collected from and about you and the specific Bose Services you use, in order to . . . [h]elp us better understand your interests and needs, and improve the Services . . . [and] [s]ecure our websites, products, software, applications, or Bose retail stores . . . ."

(**Exhibits A & B** to the Motion Requesting Judicial Notice, filed concurrently herewith.)  Plaintiff was thus expressly on notice of the very same tracking and collection practices he now complains of and consented to these practices when he engaged with the Website.   Where a website's privacy policy discloses data collection, and the user is bound by the terms, consent is inferred.  *See Smith v. Facebook, Inc.*, 745 F. App'x 8, at *8–9 (Mem) (9th Cir. 2018) (finding that plaintiff knowingly authorized Facebook's practice—disclosed in its Terms and Policies—of "collecting its users' data from third-party sites" and thereby consented to it).  Accordingly, for this reason as well, his Complaint must be dismissed.

3.   **Canons of Statutory Construction Warrant Dismissal of Plaintiff's FSCA Claim.**

To the extent there is any ambiguity as to the scope of conduct prohibited under the FSCA, the Court should look to canons of statutory construction. "Legislative intent is the polestar that guides a court's statutory construction analysis. . . . In attempting to discern legislative intent, we first look to the actual language used in the statute. . . . If the statutory language is unclear, we apply rules of statutory construction and explore legislative history to determine legislative intent." *Bautista v. State*, 863 So. 2d 1180, 1185 (Fla. 2003). As discussed above, the FSCA's plain language and legislative intent make clear that the FSCA does not and should not apply to the conduct alleged here. Moreover, under the rule of lenity, this Court should interpret any ambiguity in favor of Defendant. *See State v. Weeks*, 202 So. 3d 1, 9 (Fla. 2016).

a.   **The legislative purpose makes clear that the FSCA does not apply.**

The Florida Supreme Court as well as the Florida Court of Appeals have explained that the FSCA was enacted to protect individuals' reasonable expectations of privacy. "Enactment of [the Statute] connotes a policy decision by the Florida legislature to allow each party to a conversation to have an expectation of privacy from interception by another party to the conversation." *O'Brien*, 899 So. 2d at 1135. "The purpose of the [FSCA] is to protect every person's right to privacy and to prevent the pernicious effect on all citizens who would otherwise feel insecure from intrusion into their private conversations and communications."

*Id.*  Thus, this Court should interpret the statute to apply only in instances where an individual has a reasonable expectation of privacy to effectuate the purpose of the FSCA.  To offer a broader interpretation would extend the statute to situations that the Legislature did not intend.  *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1321 (11th Cir. 2006) (finding a narrower reading of the SCA to be consistent with congressional intent where a broad reading would open "the floodgates of litigation" to nearly every user of the Internet); *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 698 (D.C. Cir. 2018) (narrowly interpreting the Telephone Consumer Protection Act where an expansive view would be incompatible with the legislative purpose).

Here, Plaintiff makes a conclusory claim that he and other class members "had an expectation of privacy during their visits to Defendant's website, which Defendant violated by intercepting their electronic communications with the website." (Compl. ¶ 38.)  Notably, Plaintiff does not allege that the information he input on Bose's website was disseminated to any third party.  Nor does Plaintiff plead any facts to show that his subjective expectation that his communications would remain private ***from Bose*** was reasonable given that he voluntarily input information on to its website.  *See, e.g., In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1039 (no reasonable expectation of privacy where the plaintiff did not allege facts about the contents and circumstances surrounding the electronic communication at issue).

20

Indeed, Plaintiff's allegations here are particularly deficient, given that there is no automatic presumption of a "'legally protected privacy interest and reasonable expectation of privacy' in electronic messages, 'in general.'" *Sunbelt Rentals*, 43 F. Supp. 3d 1035.  "Rather, a privacy interest can exist, if at all, only with respect to the **content** of those communications."  *Id.* (emphasis in original). As explained above, *supra* Section IV.B.1, the types of information Plaintiff claims were "intercepted" by Defendant do not qualify as content and are more akin to to/from addresses or IP addresses that are incidental to Plaintiff's interaction with the Website.  Consistent with this reasoning, Defendant is aware of no published case applying the FSCA to non-substantive user activities on the Internet. Similarly, as discussed *supra* Section IV.B.2, Plaintiff can claim no reasonable expectation of privacy here, where the nature of the medium makes recording implicit and he was on notice from Bose's Privacy Policy that his interactions with the Website were being recorded.  *See Commonwealth v. Diego*, 119 A.3d 370, 377 (Pa. Super. Ct. 2015) (noting that an individual sending a text message has no reasonable expectation of privacy because the "very nature" of the technology gives them notice that the communication will automatically be recorded.)  As Plaintiff cannot show a reasonable expectation of privacy, and thus applicability of the FSCA, the Court should dismiss Plaintiff's FSCA claim.

b.   **The Rule of Lenity instructs that the FSCA should not be construed so broadly.**

The sweeping statutory interpretation Plaintiff invites this Court to adopt violates another canon of statutory construction: the Rule of Lenity.  That doctrine

forms "a 'fundamental tenet of Florida law regarding the construction of criminal statutes, which weighs in favor of the defendant.'" *Weeks*, 202 So. 3d at 8 (quoting *Polite v. State*, 973 So. 2d 1107, 1112 (Fla. 2007)).  It requires that "[a]ny ambiguity or situations in which statutory language is susceptible to differing constructions must be resolved in favor of the person charged with an offense." *Id.* at 9 (quoting *State v. Byars*, 823 So. 2d 740, 742 (Fla. 2002)).  The Rule of Lenity exists for two fundamental reasons—first, "because of the seriousness of criminal penalties"; and second, because "a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed." *United States v. Bass*, 404 U.S. 336, 348 (1971).  Here, Plaintiff alleges no harm whatsoever, and yet seeks to hold Defendant liable under a criminal statute that imposes severe civil penalties of $1,000 per putative class member (*see* Compl. ¶ 39) that are punitive in nature.  As discussed above, it is ambiguous at best whether the FSCA applies to Defendant's alleged interception of the electronic communications at issue here.  *See United States v. Hochman*, 809 F. Supp. 202, 204–05, 208 (E.D.N.Y. 1992) (finding it ambiguous whether "satellite cable programming" are "electronic communications" under ECPA, and granting motion to dismiss because the Court "cannot with confidence conclude that the Wiretap Law sanctioned [defendant's] conduct").  The Court should apply the Rule of Lenity to resolve the FSCA's ambiguity in favor of Defendant.

c.     **The judiciary should defer to the legislature.**

Plaintiff asks this Court to read the FSCA so broadly that it would criminalize tools that are fundamental to how the Internet currently functions. Such an expansion is contrary to the judiciary's role in statutory interpretation. *See Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (en banc) ("We will not do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language, not to rewrite it."). In addition to the legislative purpose of the FSCA itself, the actions of today's Florida Legislature suggest that such an expansion would be improper. Though not law yet, there are two bills which seek to safeguard consumer privacy (like that allegedly at issue here), currently pending in the Florida Legislature. Specifically, S.B. 1734, 2021 Leg. Reg. Sess. (Fl 2021) and H.B. 969, 2021 Leg. Reg. Sess. (Fl 2021) provide consumers the ability to opt-out of information sharing, and create a private right of action for consumers whose personal information is shared without authorization. Because the Legislature is already contemplating such issues, and clearly distinguishing them from the statutes currently in place, this Court should avoid expanding the definition of "contents" in the FSCA and instead defer to the Legislature. *See State v. Dade Cnty. By Bd. of Cnty. Comm'rs, Dade Cnty. Port Auth.*, 210 So.2d 200, 203 (Fla. 1968) ("It would be presumptuous and most improper for us to invade the prerogative of the Legislature.").

## V.    CONCLUSION

For the foregoing reasons, the Court should grant Bose's Motion and dismiss the Complaint with prejudice, as any amendment would be futile, and grant such other and further relief the Court deems just and proper.

### Local Rule 3.01(g) Certification

I hereby certify that I conferred in good faith via email with Plaintiff's counsel to resolve the issues raised herein and that Plaintiff opposes the relief sought herein.

Respectfully submitted,

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 228-8180
Fax: (813) 229-8189

and

COOLEY LLP

Aarti Reddy, CA Bar No. 274889
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:  +1 415 693 2000
Facsimile:   +1 415 693 2222
Email:        areddy@cooley.com
*Pro hac vice motion pending*

*Attorneys for Defendant*
*Bose Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2021, I electronically filed the foregoing and its attachment with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 228-8180
Fax: (813) 229-8189
*Attorneys for Defendant Bose Corporation*