# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MICHAEL SMART, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

BOSE CORPORATION,

    Defendant.

Case No. 5:21-cv-00142-JSM-PRL

**DEFENDANT'S UNOPPOSED MOTION REQUESTING JUDICIAL NOTICE AND INCORPORATED MEMORANDUM OF LAW**

Defendant Bose Corporation ("Bose"), by and through the undersigned counsel and pursuant to Federal Rule of Evidence 201, respectfully requests that the Court take judicial notice of the documents listed herein, which are being submitted in support of Defendant's contemporaneously filed Motion to Dismiss. In further support, Defendant states:

**I.    Background**

Plaintiff's Class Action Complaint (Doc. 1-1, the "Complaint")[1] brings a single count alleging that Defendant violated the Florida Security of Communications Act ("FSCA") via Defendant's use of "session replay" software on its website (the "Website"). (Compl. ¶ 1.) Plaintiff seeks to represent a class of

---

[1] This Complaint is just one of nearly three dozen complaints filed in copy-and-paste lawsuits (the "Related Cases") recently filed by the same plaintiffs' counsel throughout the state of Florida. (*See* Doc. 12, Notice of Related Actions.)

Florida residents "who visited Defendant's website," and purportedly had their communications "intercepted" "without their prior consent." (*Id.* ¶20 (proposed "Class" definition).) The Website is therefore central to Plaintiff's claims, and indeed, is explicitly referenced in the Complaint. (*Id.* ¶ 10 (citing www.bose.com).) The issue of consent is notable because consent is an exception to the statute. *See* Fla. Stat. § 934.03(2)(d). Here, Plaintiff alleges he did not "consent" to the use of session replay software and that he had an "expectation of privacy" when he visited the Website. (Compl. ¶¶ 15-17.)

Defendant is moving to dismiss the Complaint. In conjunction with its Motion to Dismiss, Defendant hereby requests that the Court take judicial notice of two iterations of Defendant's privacy policy (the "Privacy Policy") that were in effect during the time period that Plaintiff purportedly accessed the Website (*see id.* ¶ 11), copies of which are attached hereto. Defendant also requests that the Court consider these documents when ruling on Defendant's Motion to Dismiss. The Privacy Policy is appropriate for judicial notice and is relevant to the resolution of the issues raised in the Motion to Dismiss.

## II.   Documents to be Judicially Noticed

Defendant requests that the Court take judicial notice of the following documents:

> **Exhibit A:** Iteration of Defendant's Privacy Policy that was in effect from January 2, 2020 to April 20, 2020, when Plaintiff visited the Website

> **Exhibit B:** Current iteration of Defendant's Privacy Policy that has been in effect since April 21, 2020, when Plaintiff visited the Website

## III.  Argument

### A.  Judicial notice of the attached Privacy Policy is appropriate.

At the motion to dismiss stage, "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Hauser v. Steward Melbourne Hosp., Inc.*, 6:19-cv-1150, 2020 WL 917259, at *4 (M.D. Fla. Feb. 11, 2020) (citing *Universal Express, Inc. v. United States SEC*, 177 F. App'x 52, 53 (11th Cir. 2006); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

In *Hauser*, the court granted the defendant's request that the court take judicial notice of the "chargemaster" posted on its website, which disclosed the very fee that the plaintiff alleged had not been disclosed. *Hauser*, 2020 WL 917259 at *3–*4 (granting request for judicial notice and dismissing case with prejudice; noting that "Plaintiff's Complaint rises or falls on its challenge to Defendants' disclosure practices regarding the ER Facility Fee" and that "the website posting of the chargemaster showing the ER Facility Fees could not be gleaned directly from the allegations in the Complaint"); *see also Termarsch v. Argent Mortg. Co., LLC*, No. 8:07-cv-1725, 2008 WL 1776592, at *4 (M.D. Fla. Apr. 16, 2008) (taking judicial notice, under Fed. R. Evid. 201, of information available at the defendant-bank's website that the defendant "does not have offices located in Florida"); *Sure Fill & Seal, Inc. v. Platinum Packaging Group, Inc.*, 8:10-cv-316, 2010 WL

3

11508051, at *2 (M.D. Fla. June 24, 2010) ("[T]he court may take judicial notice and consider additional documents that may not be attached or incorporated by reference where the document is integral.").

Courts outside of this circuit have granted similar requests to take judicial notice of a website's privacy policy. *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (granting defendant's request that the court take judicial notice of terms of service and privacy policy; granting the defendant's request to incorporate by reference such documents into the allegations of the complaint); *In re Zoom Video Comms. Inc. Privacy Litig.*, 20-cv-02155, 2021 WL 930623, at *4 (N.D. Cal. Mar. 11, 2021) ("Public terms of service and privacy policies are proper subjects of judicial notice.").

Here, the Privacy Policy is integral to Plaintiff's Complaint, which is grounded entirely on Plaintiff's use of Defendant's Website and alleged "expectation of privacy" in doing so. In explicitly referencing the Website's URL, and alleging that he visited the Website but did not consent to the collection of his information, Plaintiff impliedly incorporated by reference the Privacy Policy, which was linked at the bottom of the Website.

Further, the Privacy Policy is central to Plaintiff's claim because "consent" is an exception to the FSCA, and the Privacy Policy expressly discloses the very same data collection that Plaintiff claims violated his rights. The Privacy Policy should therefore be incorporated by reference in the Complaint.

### B. Defendant has complied with the requirements of Rule 201(c)(2) of the Federal Rules of Evidence.

Under Rule 201(c)(2), "[t]he court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Defendant has complied with the requirements of Rule 201(c)(2) by filing the instant Motion and attached documents. The documents and subject matters to be judicially noticed fall within Rule 201(b)(2) (*see* Section III.A, above); Plaintiff has been provided notice of this Motion by being served with a copy; and the Court has been furnished with the necessary information to take judicial notice of the documents referenced above.

### C. It is appropriate for the Court to consider judicially noticed documents when ruling upon Defendant's Motion to Dismiss.

A court ruling on a motion to dismiss may consider any document properly subject to judicial notice under Rule 201 of the Federal Rules of Evidence. Here, both iterations of the Privacy Policy come from Defendant's Website, and accordingly, their "accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).[2] Therefore, pursuant to Rule 201, Defendant requests that this Court take judicial notice of the attached documents and consider them when ruling upon Defendant's Motion to Dismiss. *See Parks v. Experian Credit Bureau*, No.

---

[2] Furthermore, Defendant does not seek judicial notice of the *truth* of the assertions stated in the Privacy Policy. Rather, Defendant merely asks the Court to consider the fact that the Privacy Policy makes representations about data collection from website visitors that may have informed those visitors' consent. *See Bryant*, 187 F.3d at 1277-78 (taking judicial notice of documents "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents").

09-cv-1284, 2010 U.S. Dist. LEXIS 9697, *3 (M.D. Fla. Feb. 4, 2010) ("When ruling on a motion to dismiss . . . a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, documents incorporated into the complaint by reference, and ***matters of which a court may take judicial notice***.") (emphasis added).

### IV.  Conclusion

Defendant is filing, contemporaneously with the instant Motion, its Motion to Dismiss.  As demonstrated above, it is proper for the Court to take judicial notice of the attached documents.  For the foregoing reasons, Defendant respectfully requests that this Court take judicial notice of the documents attached hereto and incorporated herein by reference, and consider them when ruling upon the Motion to Dismiss.

### **Local Rule 3.01(g) Certification**

I hereby certify that counsel for Defendant has conferred with counsel for Plaintiff via email on April 14 and 15, 2021, and that Plaintiff does not oppose the relief sought herein.

Respectfully submitted,

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 228-8180
Fax: (813) 229-8189

and

COOLEY LLP
Aarti Reddy (California State Bar No. 274889)
(*pro hac vice forthcoming*)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222
Email:  areddy@cooley.com
*Attorneys for Defendant*
*Bose Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 15, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 228-8180
Fax: (813) 229-8189

*Attorneys for Defendant*
*Bose Corporation*