# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LAUREN HOLDEN, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

BANANA REPUBLIC, LLC,

    Defendant.

Case No.  3:21-cv-268-BJD-JRK

## DEFENDANT'S MOTION TO TRANSFER CASE AND MOTION TO STAY PROCEEDINGS PENDING RULING WITH INCORPORATED MEMORANDUM OF LAW

Defendant Banana Republic, LLC ("Banana Republic"), by and through the undersigned counsel, and pursuant to Middle District of Florida Local Rule 1.07(a)(2)(B), hereby moves for entry of an order transferring this case to the judge who is presiding over the first-filed related case challenging the specific software at issue in the instant case: *Smart v. Bose Corporation*, Case No. 5:21-cv-142-JSM-PRL (Ocala Division; Moody, J.).  In further support, Defendant states:

## I.  Background

1.  This case is one of nearly three dozen related putative class actions filed by the same Plaintiff's counsel throughout the State of Florida (the "Session Replay Cases"). (*See* Defendant's Amended Notice of Related Cases, Doc. 16.) Underpinning the nearly identical allegations in the related cases is "session replay" software (*see* Doc. 6 ("Complaint") ¶ 14), a data analytics tool that is widely

used by companies to enhance user experience and functionality of their website. The Class Action Complaints allege that session replay software falls within the purview of Florida's wiretap statute, the Florida Security of Communications Act, Section 934.01, *et seq.*, Florida Statutes ("FSCA"). (*See id.* ¶ 1.) This is an issue of first impression under Florida law.

2. There are different companies that license session replay software. One such company is ContentSquare, which licenses its session replay software to companies that include online retailers, financial services corporations, airlines, and technology companies. Other session replay providers, such as Quantum Metric, Mouseflow, and Fullstory, create software that is at issue in some of the other Session Replay Cases.

3. Currently, there are <u>eight</u> Session Replay Cases pending in the Middle District of Florida against Defendants who are currently customers of ContentSquare:

(i) *Smart v. Bose Corp.*, No. 5:21-cv-142 (M.D. Fla., Ocala) (Moody, J.)

(ii) *Holden v. Banana Republic, LLC*, No. 3:21-cv-268 (M.D. Fla., Jacksonville) (Davis, J.)[1]

(iii) *Holden v. Old Navy, LLC*, No. 3:21-cv-270 (M.D. Fla., Jacksonville) (Davis, J.)

(iv) *Holden v. Fossil Group, Inc.*, No. 3:21-cv-300 (M.D. Fla., Jacksonville) (Corrigan, J.)

---

[1] Another Session Replay Case is currently pending against The Gap, Inc., the parent company of Banana Republic, LLC and Old Navy, LLC, in the Northern District of Florida. With the plaintiff's consent, The Gap, Inc. is separately moving to transfer that case to the Middle District, so that the three cases involving the same gap.com domain can be consolidated.

(v) *Harris v. Edward D. Jones & Co. d/b/a Edward Jones*, No. 3:21-cv-330 (M.D. Fla., Jacksonville) (Davis, J.)

(vi) *Zarnesky v. Frontier Airlines, Inc.*, 6:21-cv-536 (M.D. Fla., Orlando) (Berger, J.)

(vii) *Londers v. Intel Corp.*, No. 5:21-cv-182 (M.D. Fla., Ocala) (Moody, J.)

(viii) *Benstine v. Lumen Tech., Inc. f/k/a/ CenturyLink, Inc.*, No. 2:21-cv-275 (M.D. Fla., Ft. Myers) (Badalamenti, J.)

4. The earliest-filed of these eight related cases is *Smart v. Bose Corporation*, Case No. 5:21-cv-142-JSM-PRL, which was removed on March 9, 2021, two days before the instant case was removed. (*See* Doc. 1.)

5. Counsel for Plaintiff in this action represents the plaintiff in *Smart v. Bose*, and undersigned counsel also represents the defendant Bose Corporation.

6. With the exception of roughly five paragraphs relating to the specific parties, the allegations in the *Smart v. Bose* Class Action Complaint are identical to the allegations in the *Holden v. Banana Republic* Class Action Complaint.[2] (*See Smart v. Bose* Class Action Complaint, attached hereto as Exhibit A for the Court's convenience.) Both cases involve defendants who licensed the subject software from ContentSquare.

7. Defendants Banana Republic and Bose Corporation each filed their motions to dismiss on April 15, 2021. (*See* Doc. 17.) Neither Court has ruled on the motions.

---

[2] However, neither case is appropriate for class treatment. In this Motion, Defendant relies on the respective plaintiffs' allegations and does not concede any elements of class certification. By filing the instant Motion, Defendant does not waive and expressly reserves its defenses to class certification in this and all potentially related cases.

3

**II. Argument**

    **A.    Under Local Rule 1.07(a)(2)(B), This Case Should be Transferred to the Judge Presiding Over the First-Filed Related Case.**

    8.    This case should be transferred to the judge presiding over the first-filed related case involving the same underlying software that is at the heart of the lawsuit. That case is *Smart v. Bose*, which is currently pending before the Honorable James S. Moody, Jr. in the Ocala Division. Because the factual allegations in the Class Action Complaints are virtually identical and there are identical (novel) legal claims, transfer will promote judicial economy and reduce the risk of piecemeal litigation and inconsistent legal rulings on dispositive issues. Additionally, given that ContentSquare provides the underlying software at issue, Banana Republic anticipates that there will be overlapping discovery issues between this action, the *Smart v. Bose* action, and the other ContentSquare actions its counsel seeks to transfer, and that efficiencies can be gained by having a single district court judge and a single magistrate judge presiding over any discovery issues. Finally, the injunctive relief Plaintiff seeks in the Complaint is identical to that sought in the *Smart v. Bose* action. The Local Rule contemplates transfer under these precise circumstances.

    9.    The newly renumbered[3] Middle District of Florida Local Rule 1.07(a)(2)(B) provides the relevant mechanism for the requested transfer:

> By a Party. If actions before different judges present the probability of inefficiency or inconsistency, a party may

---

[3] The Middle District significantly revised its Local Rules, effective February 1, 2021.

> move to transfer a later-filed action to the judge assigned to the first-filed action. The moving party must file the motion in the later-filed action and a notice and a copy of the motion in the first-filed action. The proposed transferor judge must resolve the motion to transfer but can transfer the action only with the consent of the transferee judge. The transferee judge can order the clerk to assign to the later-filed action the magistrate judge in the first-filed action.

The newly renumbered rule does not materially differ in substance from former Local Rule 1.04(b), which similarly provided:

> **TRANSFER OF RELATED CASES BEFORE TWO OR MORE JUDGES.** If cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case to the judge assigned to the first-filed among the related cases. The moving party shall file a notice of filing the motion to transfer, including a copy of the motion to transfer, in each related case. The proposed transferor judge shall dispose of the motion to transfer but shall grant the motion only with the consent of the transferee judge. If the transferee judge determines that the same magistrate judge should preside in some or all respects in some or all of the related cases, the Clerk shall assign the magistrate judge assigned to the first-filed among the affected cases to preside in that respect in those cases.

10. When related cases are assigned to different judges within the district, Local Rule 1.07(a)(2)(B) (formerly Local Rule 1.04(b)) enables a court to transfer the case to the judge presiding over the first-filed case. *See McDonald v. PaperlessPay Corp.*, 3:20-cv-516, 2021 WL 931599, at *2 (M.D. Fla. Mar. 11, 2021) (noting that there were four related class actions pending initially assigned to

different judges that were transferred to the Honorable Marcia Morales Howard; *see* Case Nos. 3:20-cv-864, -961, and -1005).

11. Such transfers include transfers from a judge in one *division* to a judge in another division. *See Charter Oak Fire Ins. Co. v. 21st Century Oncology Servs., LLC*, 2:16-cv-732, 2017 WL 3701073, at *2 (M.D. Fla. Mar. 8, 2017) (granting 1.04(b) motion to transfer class action case pending before the Honorable John E. Steele in the Fort Myers Division to the Honorable Mary S. Scriven, who was presiding over the first-filed related class action, in the Tampa Division).

12. As stated in Local Rule 1.07(a)(2)(B), transfers between judges in different divisions are permitted if such actions "present the probability of inefficiency or inconsistency." *See also Charter Oak*, 2017 WL 3701037 at *2 (citing the need to "avoid duplication" among other factors favoring transfer from Judge Steele to Judge Scriven).

13. One significant, overarching legal issue that is potentially dispositive of the instant case and *Smart v. Bose* is the applicability of the FSCA to session replay software. Plaintiff asks the Court to make such a finding for the first time. This issue alone supports a transfer to the judge presiding over the first-filed case to avoid inconsistent results on a novel issue of law.

14. Furthermore, transfer is particularly appropriate at this early stage of both cases, prior to any ruling on Defendants' motions to dismiss and before any discovery responses have been served. A transfer to the first-filed case would avoid inconsistent results on legal issues and duplicative discovery.

6

### B. This Case Should Be Stayed Pending a Ruling on the Motion to Transfer.

15. During the pendency of the instant Motion to Transfer, the proceedings in this case should be stayed to conserve judicial resources, prevent inconsistent rulings, and avoid duplicative discovery. Plaintiff consents to the requested stay. Such a stay is within this Court's authority. *See Stoll v. Musculoskeletal Inst., Chartered*, 8:20-cv-1798, 2021 WL 632622, at *2 (M.D. Fla. Feb. 18, 2021) (citing district court's "inherent power" to control their dockets "so as to achieve the orderly and expeditious disposition of cases) (citing *Castle v. Appalachian Technical College*, 430 Fed. App'x 840, 841 (11th Cir. 2011), and *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The requested stay would ensure judicial consistency and economy. *See Giles v. POM Wonderful LLC*, No. 10-cv-61684-CIV, 2010 WL 4630325, at *1 (S.D. Fla. Nov. 8, 2010) (granting motion to stay pending motion to transfer to the Judicial Panel on Multidistrict Litigation; "[j]udicial consistency and economy would best be served by imposing a brief stay of this action pending a transfer decision by the JPML.").

### III. Conclusion

Transferring this case to the judge who is presiding over the first-filed case will greatly increase efficiencies for the defendants and the court system; will avoid inconsistent rulings; and will not prejudice the plaintiff in either the *Bose* or *Banana Republic* actions. Further, the parties agree that during the pendency of

7

the instant motion, all proceedings in this case should be stayed pending a ruling to avoid further duplication and potentially inconsistent rulings.

## **Local Rule 3.01(g) Certification**

I hereby certify that I conferred in good faith by phone with Plaintiff's counsel to resolve the issues raised herein, and that Plaintiff opposes the requested transfer but does not oppose the requested stay.

                         Respectfully submitted,

                         /s/ Ashley Bruce Trehan
                         Ashley Bruce Trehan, FBN 0043411
                         ashley.trehan@bipc.com
                         Jordan D. Maglich, FBN 0086106
                         jordan.maglich@bipc.com
                         BUCHANAN INGERSOLL & ROONEY PC
                         401 E. Jackson Street, Suite 2400
                         Tampa, FL 33602
                         Tel: (813) 228-8180
                         Fax: (813) 229-8189

                         and

                         COOLEY LLP
                         Michael G. Rhodes, CBN 116127
                         (admitted *pro hac vice*)
                         101 California Street, 5th Floor
                         San Francisco, CA 94111-5800
                         Telephone: +1 415 693 2000
                         Facsimile: +1 415 693 2222
                         Email: rhodesmg@cooley.com

                         *Attorneys for Defendant*
                         *Banana Republic, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 228-8180
Fax: (813) 229-8189

*Attorneys for Defendant Banana Republic, LLC*