# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

PEGGY BENSTINE, *individually and on behalf of all others similarly situate*d,

    Plaintiff,

v.

LUMEN TECHNOLOGIES, INC. F/K/A CENTURYLINK, INC.,

    Defendant.

Case No. 2:21-cv-275-JLB-NPM

## DEFENDANT'S MOTION TO TRANSFER CASE AND MOTION TO STAY PROCEEDINGS PENDING RULING WITH INCORPORATED MEMORANDUM OF LAW

Defendant Lumen Technologies, Inc. f/k/a Centurylink, Inc. ("CenturyLink"), by and through the undersigned counsel, and pursuant to Middle District of Florida Local Rule 1.07(a)(2)(B), hereby moves for entry of an order transferring this case to the judge who is presiding over the first-filed related case challenging the specific software at issue in this case: *Smart v. Bose Corporation*, Case No. 5:21-cv-142-JSM-PRL (Ocala Division; Moody, J.). In further support, CenturyLink states:

### I. Background

1. This case is one of nearly three dozen putative class actions recently filed by the same Plaintiff's counsel throughout the State of Florida (the "Session Replay Cases"). (*See* Defendant's Amended Notice of Related Cases, Doc. 12.)

Underpinning the nearly identical allegations in the related cases is "session replay" software (*see* Doc. 6 ("Complaint") ¶ 14), a widely used data analytics tool for websites. The class action complaints all allege that session replay software falls within the purview of Florida's wiretap statute, the Florida Security of Communications Act, Section 934.01, *et seq.*, Florida Statutes ("FSCA"). (*See id.* ¶ 1.) This is an issue of first impression under Florida law.

2. There are several companies that develop and license session replay software. One such company is ContentSquare, which licenses its session replay software to companies that include online retailers, financial services corporations, airlines, and technology companies, including a CenturyLink subsidiary. (Exhibit A, Declaration of Arnaud Gouachon, ¶ 3.) The other companies targeted by Plaintiff's counsel use software from different session replay providers, such as Quantum Metric, Mouseflow, and Fullstory.

3. Currently, there are eight Session Replay Cases pending in the Middle District of Florida challenging the use of ContentSquare's software:

(a) *Smart v. Bose Corp.*, No. 5:21-cv-142 (M.D. Fla., Ocala) (Moody, J.)

(b) *Holden v. Banana Republic, LLC*, No. 3:21-cv-268 (M.D. Fla., Jacksonville) (Davis, J.)

(c) *Holden v. Old Navy, LLC*, No. 3:21-cv-270 (M.D. Fla., Jacksonville) (Davis, J.)

(d) *Liberto v. The Gap, Inc.*, No. 3:21-cv-436 (M.D. Fla., Jacksonville) (Howard, J.)

(e) *Holden v. Fossil Group, Inc.*, No. 3:21-cv-300 (M.D. Fla., Jacksonville) (Davis, J.)

      (f)    *Harris v. Edward D. Jones & Co. d/b/a Edward Jones*, No. 3:21-cv-330 (M.D. Fla., Jacksonville) (Davis, J.)

      (g)    *Londers v. Intel Corp.*, No. 5:21-cv-182 (M.D. Fla., Ocala) (Moody, J.)

      (h)    *Benstine v. Lumen Tech., Inc. f/k/a/ CenturyLink, Inc.*, No. 2:21-cv-275 (M.D. Fla., Ft. Myers) (Badalamenti, J.)

(Exhibit A, ¶ 5.)

4. The earliest-filed of these eight related cases is *Smart v. Bose Corporation*, Case No. 5:21-cv-142-JSM-PRL, which was removed on March 9, 2021.

5. Counsel for Plaintiff in this action represents the plaintiff in *Smart v. Bose*, and undersigned counsel also represents the defendant Bose Corporation. To date, four similar transfer motions have been filed in the Banana Republic, Old Navy, Frontier Airlines[1], and Edward Jones cases.

6. Other than a few paragraphs relating to the specific parties, the allegations in the *Smart v. Bose* Class Action Complaint are identical to the allegations in the *Benstine v. CenturyLink* Class Action Complaint.[2] (*See Smart v. Bose* Class Action Complaint, attached hereto as <u>Exhibit B</u> for the Court's convenience.) Both cases involve defendants who licensed the subject software from ContentSquare.

---

[1] The case styled *Zarnesky v. Frontier Airlines, Inc.*, 6:21-cv-536 (M.D. Fla.) was voluntarily dismissed on April 20, 2021, shortly after the transfer motion was filed.

[2] In this Motion, CenturyLink relies on the respective plaintiffs' allegations and does not concede any elements of class certification. CenturyLink does not waive and expressly reserves its defenses to class certification in this and all potentially related cases.

3

7. The Bose Corporation filed a motion to dismiss in *Smart v. Bose* on April 15, 2021, and CenturyLink's current deadline to file a motion to dismiss the Class Action Complaint is April 29, 2021.

## II. Argument

### A. Under Local Rule 1.07(a)(2)(B), This Case Should be Transferred to the Judge Presiding Over the First-Filed Related Case.

8. This case should be transferred to the judge presiding over the first-filed related case involving the same underlying ContentSquare software that is at the heart of the lawsuit. That case is *Smart v. Bose*, which is currently pending before the Honorable James S. Moody, Jr. in the Ocala Division. Because the factual allegations in the Class Action Complaints are virtually identical and there are identical (and novel) legal claims, transfer will promote judicial economy and reduce the risk of piecemeal litigation and inconsistent legal rulings on dispositive issues. Additionally, if any of the ContentSquare cases were to proceed to discovery, clear efficiencies can be gained by having a single district court judge and a single magistrate judge preside over any discovery issues. Finally, the nature of the injunctive relief Plaintiff seeks in the Complaint is identical to what Plaintiff's counsel seeks in the *Smart v. Bose* action. The Local Rule contemplates transfer under these precise circumstances.

9. The newly renumbered[3] Middle District of Florida Local Rule 1.07(a)(2)(B) authorizes a transfer:

---

[3] The Middle District significantly revised its Local Rules, effective February 1, 2021.

4

> By a Party. If actions before different judges present the probability of inefficiency or inconsistency, a party may move to transfer a later-filed action to the judge assigned to the first-filed action. The moving party must file the motion in the later-filed action and a notice and a copy of the motion in the first-filed action. The proposed transferor judge must resolve the motion to transfer but can transfer the action only with the consent of the transferee judge. The transferee judge can order the clerk to assign to the later-filed action the magistrate judge in the first-filed action.

The newly renumbered rule does not materially differ in substance from former Local Rule 1.04(b), which similarly provided:

> **TRANSFER OF RELATED CASES BEFORE TWO OR MORE JUDGES.** If cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case to the judge assigned to the first-filed among the related cases. The moving party shall file a notice of filing the motion to transfer, including a copy of the motion to transfer, in each related case. The proposed transferor judge shall dispose of the motion to transfer but shall grant the motion only with the consent of the transferee judge. If the transferee judge determines that the same magistrate judge should preside in some or all respects in some or all of the related cases, the Clerk shall assign the magistrate judge assigned to the first-filed among the affected cases to preside in that respect in those cases.

10. Thus, when related cases are assigned to different judges within the district, Local Rule 1.07(a)(2)(B) (formerly Local Rule 1.04(b)) enables a court to transfer the case to the judge presiding over the first-filed case. *See McDonald v. PaperlessPay Corp.*, 3:20-cv-516, 2021 WL 931599, at *2 (M.D. Fla. Mar. 11, 2021) (noting that there were four related class actions pending initially assigned to

5

different judges that were transferred to the Honorable Marcia Morales Howard; *see* Case Nos. 3:20-cv-864, -961, and -1005).

11. Such transfers include transfers from a judge in one division to a judge in another division. *See Charter Oak Fire Ins. Co. v. 21st Century Oncology Servs., LLC*, 2:16-cv-732, 2017 WL 3701073, at *2 (M.D. Fla. Mar. 8, 2017) (granting 1.04(b) motion to "avoid duplication" and transferring class action case pending before the Honorable John E. Steele in the Fort Myers Division to the Honorable Mary S. Scriven, who was presiding over the first-filed related class action, in the Tampa Division).

12. One significant, overarching legal issue that is potentially dispositive in this case, in *Smart v. Bose*, and the other ContentSquare cases is whether the FSCA even applies to ContentSquare's session replay software. Plaintiff asks this Court, and three other judges in the Middle District of Florida, to make such a finding for the first time. This alone supports a transfer to the judge presiding over the first-filed case to avoid inconsistent results on a novel issue of law.

13. Furthermore, transfer is particularly appropriate at this early stage of both cases, prior to any ruling on CenturyLink's and other defendants' motions to dismiss (and also before discovery commences). A transfer to the court presiding over the first-filed ContentSquare case would avoid inconsistent results on legal issues raised in those motions, as well as duplicative discovery.

6

### B. This Case Should Be Stayed Pending a Ruling on the Motion to Transfer.

14. While the Court considers this transfer motion, the proceedings in this case should be stayed to conserve judicial resources and prevent inconsistent rulings. Plaintiff consents to the requested stay. Such a stay is within this Court's inherent authority. *See Stoll v. Musculoskeletal Inst., Chartered*, 8:20-cv-1798, 2021 WL 632622, at *2 (M.D. Fla. Feb. 18, 2021) (citing district court's "inherent power" to control their dockets "so as to achieve the orderly and expeditious disposition of cases) (citing *Castle v. Appalachian Technical College*, 430 Fed. App'x 840, 841 (11th Cir. 2011), and *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The requested stay would ensure judicial consistency and economy. *See Giles v. POM Wonderful LLC*, No. 10-cv-61684-CIV, 2010 WL 4630325, at *1 (S.D. Fla. Nov. 8, 2010) (granting motion to stay pending motion to transfer to the Judicial Panel on Multidistrict Litigation; "[j]udicial consistency and economy would best be served by imposing a brief stay of this action pending a transfer decision by the JPML.").

## III. Conclusion

Transferring this case to the judge who is presiding over the first-filed ContentSquare case will greatly increase efficiencies for the defendants and the court system; will avoid inconsistent rulings; and will not prejudice the plaintiff in either the *Bose* or *CenturyLink* actions. During the pendency of this motion, all

7

proceedings in this case should be stayed pending a ruling to avoid further duplication and potentially inconsistent rulings.

## Local Rule 3.01(g) Certification

I hereby certify that I conferred in good faith by phone with Plaintiff's counsel to resolve the issues raised herein and that Plaintiff opposes the requested transfer but does not oppose the requested stay.

Respectfully submitted,

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 228-8180
Fax: (813) 229-8189

and

Dana J. Moss (DC Bar No. 1003416)
(Admitted *pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, DC 20004
Tel: (202) 842-7800
Fax: (202) 842-7899
dmoss@cooley.com
(*pro hac vice* motion forthcoming)

*Attorneys for Defendant*
*Lumen Technologies, Inc. f/k/a*
*CenturyLink, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2021, I electronically filed the foregoing and its attachments with the Clerk of the Court by using the CM/ECF, which will serve a copy on all counsel of record

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 228-8180
Fax: (813) 229-8189
*Attorneys for Defendant
Lumen Technologies, Inc. f/k/a
CenturyLink, Inc.*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| PEGGY BENSTINE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LUMEN TECHNOLOGIES, INC. F/K/A CENTURYLINK, INC.,<br><br>Defendant. | Case No. 2:21-cv-00275-JLB-NPM<br><br>**Class Action** |

### DECLARATION OF ARNAUD GOUACHON

I, Arnaud Gouachon, declare as follows:

1. I am currently employed at ContentSquare, Inc. ("ContentSquare"). I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would competently testify thereto.

2. My title is Chief Legal Officer. I have worked at ContentSquare since 2019. I have been in my current role for approximately 2 years.

3. ContentSquare licenses its session replay software to a wide range of companies that include online retailers, financial services corporations, airlines, and technology companies.

4. While employed at ContentSquare, I have gained knowledge regarding ContentSquare's clients, or customers.

5. Among many others, the following companies are current customers of ContentSquare:

   a. Bose Corporation
   b. Banana Republic, LLC

      c. Old Navy, LLC

      d. The Gap, Inc.

      e. Fossil Group, Inc.

      f. Edward D. Jones & Co., L.P., d/b/a Edward Jones

      g. Frontier Airlines, Inc.

      h. Intel Corporation

      i. Lumen Technologies, Inc. f/k/a CenturyLink, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 21st day of April, 2021 in New York, New York.

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

CASE NO.

MICHAEL SMART, *individually and on behalf of all others similarly situated*,

    Plaintiff,

vs.

BOSE CORPORATION,

    Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Michael Smart brings this class action against Defendant Bose Corporation, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a class action under the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq.* ("FSCA"), arising from Defendant's unlawful interception of electronic communications. Specifically, this case stems from Defendant's use of tracking, recording, and/or "session replay" software to intercept Plaintiff's and the class members' electronic communications with Defendant's website, including how they interact with the website, their mouse movements and clicks, information inputted into the website, and/or pages and content viewed on the website.

2. Defendant intercepted the electronic communications at issue without the knowledge or prior consent of Plaintiff and the Class members. Defendant did so for its own

financial gain and in violation of Plaintiff's and the Class members' privacy rights under the FSCA. Such clandestine monitoring and recording of an individual's electronic communications has long been held a violation of the FSCA. *See, e.g., O'Brien v. O'Brien*, 899 So. 2d 1133 (Fla. 5th DCA 2005).

3. Defendant has intercepted the electronic communications involving Plaintiff and the Class members' visits to its website, causing them injuries, including invasion of their privacy and/or exposure of their private information.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful interceptions. Plaintiff also seeks damages authorized by the FSCA on behalf of Plaintiff and the Class members, defined below, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Marion County, Florida.

6. Defendant is, and at all times relevant hereto was, a corporation that maintains its primary place of business at The Mountain 6B1, Framingham, Massachusetts 01701.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

8. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant intercepted electronic communications from and to Florida without the consent of Plaintiff and the Class members.

Plaintiff and the Class members were in Florida when Defendant's unlawful interceptions occurred, and were injured while residing in and physically present in Florida.

9. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

### FACTS

10. Defendant owns and operates the following website: www.bose.com.

11. Over the past year, Plaintiff visited Defendant's website approximately 8 times.

12. Plaintiff most recently visited Defendant's website on or about January 19, 2021.

13. Plaintiff was in Florida during each visit to Defendant's website.

14. Upon information and belief, during one or more of these visits, Defendant utilized tracking, recording and/or "session replay" software to contemporaneously intercept Plaintiff's use and interaction with the website, including mouse clicks and movements, information inputted by Plaintiff, and/or pages and content viewed by Plaintiff. Defendant also recorded Plaintiff's location during the visits, as well as the time and dates of each visit.

15. Plaintiff never consented to interception of his electronic communications by Defendant or anyone else.

16. At no point in time did Plaintiff provide Defendant, its employees, or agents with consent to intercept Plaintiff's electronic communications.

17. Plaintiff and the putative Class members did not have a reasonable opportunity to discover Defendant's unlawful interceptions because Defendant did not disclose or seek their consent to intercept the communications.

18. Upon information and belief, Defendant similarly intercepted the electronic communications of other individuals located in Florida who visited Defendant's website.

19. Defendant's surreptitious interception Plaintiff's electronic communications caused Plaintiff harm, including invasion of his privacy and/or the exposure of private information.

## CLASS ALLEGATIONS

### PROPOSED CLASS

20. Plaintiff brings this lawsuit as a class action on behalf of all other similarly situated persons pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.**

21. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

### NUMEROSITY

22. The Class members are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff, but may be readily ascertained from Defendant's records and is believed to be no less than 100 individuals. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice

23. The identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records kept in connection with its unlawful interceptions.

### COMMON QUESTIONS OF LAW AND FACT

24. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(1) Whether Defendant violated the FSCA;

(2) Whether Defendant intercepted Plaintiff's and the Class members' electronic communications;

(3) Whether Defendant disclosed to Plaintiff and the Class Members that it was intercepting their electronic communications;

(4) Whether Defendant secured prior consent before intercepting Plaintiff's and the Class members' electronic communications;

(5) Whether Defendant is liable for damages, and the amount of such damages; and

(6) Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely intercepts electronic communications without securing prior consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

<u>TYPICALITY</u>

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

<u>PROTECTING THE INTERESTS OF THE CLASS MEMBERS</u>

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are potentially in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the FSCA, Fla. Stat. Ann. § 934.03
**(On Behalf of Plaintiff and the Class)**

30. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

31. It is a violation of the FSCA to intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any electronic communication. Fla. Stat. Ann. § 934.03(1)(a).

32. Further, it is a violation to intentionally use, or endeavor to use, "the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection[.]" Fla. Stat. Ann. § 934.03(1)(d).

33. The FSCA defines "intercept" as the "acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Fla. Stat. Ann. § 934.02(3).

34. The FSCA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce…." Fla. Stat. Ann. § 934.02(12).

35. Defendant violated § 934.03(1)(a) of the FSCA by intercepting Plaintiff's and the Class members' electronic communications when they visited Defendant's website.

36. Defendant intercepted Plaintiff's and the Class members' electronic communications without their prior consent.

37. Defendant violated § 934.03(1)(d) of the FSCA by using the unlawfully intercepted electronic communications.

38. Plaintiff and the Class members had an expectation of privacy during their visits to Defendant's website, which Defendant violated by intercepting their electronic communications with the website.

39. As a result of Defendant's conduct, and pursuant to § 934.10 of the FSCA, Plaintiff and the other members of the putative Class were harmed and are each entitled to "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]" Fla Stat. Ann. § 934.10(b).

40. Plaintiff is also entitled to "reasonable attorney's fees and other litigation costs reasonably incurred." Fla Stat. Ann. § 934.10(d).

41. Plaintiff and the Class members are also entitled to an injunction.

**WHEREFORE**, Plaintiff Michael Smart, on behalf of himself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Florida Security of Communications Act;

b. An injunction prohibiting Defendant from intercepting the electronic communications of individuals visiting Defendant's website without their knowledge and consent;

c. An award of actual, liquidated damages, and/or punitive statutory damages;

d. Reasonable attorney's fees and costs; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors,

individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 10, 2021

                Respectfully Submitted,

By: */s/ Andrew J. Shamis*
   **SHAMIS & GENTILE, P.A.**
   Andrew J. Shamis, Esq.
   Florida Bar No. 101754
   ashamis@shamisgentile.com
   14 NE 1st Avenue, Suite 705
   Miami, Florida 33132
   (t) (305) 479-2299
   (f) (786) 623-0915

   **EDELSBERG LAW, PA**
   Scott Edelsberg, Esq.
   Florida Bar No. 100537
   scott@edelsberglaw.com
   20900 NE 30th Ave., Suite 417
   Aventura, FL 33180
   Telephone: 305-975-3320

   **HIRALDO P.A.**
   Manuel Hiraldo, Esq.
   Florida Bar No. 030380
   401 E. Las Olas Blvd., Suite 1400
   Fort Lauderdale, FL 33301
   MHiraldo@Hiraldolaw.com
   Telephone: 954-400-4713

   *Counsel for Plaintiff and Proposed Class*