**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

MICHAEL SMART, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

BOSE CORPORATION,

    Defendant.

Case No. 5:21-cv-00142-JSM-PRL

**DEFENDANT'S UNOPPOSED MOTION REQUESTING
INCORPORATION BY REFERENCE AND JUDICIAL NOTICE
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Bose Corporation ("Bose"), by and through the undersigned counsel and pursuant to Federal Rule of Evidence 201, respectfully requests that the Court find incorporated by reference and take judicial notice of the documents listed herein, which are being submitted in support of Bose's contemporaneously filed Motion to Dismiss the First Amended Class Action Complaint. In further support, Bose states:

**I.   Background**

Plaintiff's First Amended Class Action Complaint (D.E. 26, the "FAC")[1] brings a single count alleging that Bose violated the Florida Security of Communications Act ("FSCA") via Bose's use of "session replay" software on

---

[1] This lawsuit is just one of 30+ copy-and-paste lawsuits (the "Related Actions") filed recently by the same plaintiffs' counsel throughout the state of Florida. (*See* D.E. 12, Notice of Related Actions.)

www.bose.com (the "Website").  (FAC ¶ 2.)  Plaintiff seeks to represent a class of Florida residents "who visited Defendant's website," and purportedly had their communications "intercepted" "without their prior consent."  (*Id.* ¶ 67 (proposed "Class" definition).)  The issue of consent is notable because consent is an exception to the statute.  *See* Fla. Stat. § 934.03(3)(d).  Here, Plaintiff alleges he did not "consent" to the use of session replay software.  (FAC ¶¶ 52–55.)

In conjunction with its Motion to Dismiss the FAC, filed concurrently herewith, Bose hereby requests that the Court find incorporated by reference and/or take judicial notice of the documents listed below, including: (1) publicly filed court records; (2) two iterations of Bose's privacy policy (the "Privacy Policy") that were in effect during the time period that Plaintiff purportedly accessed the Website (*see id.* ¶ 25); and (3) and full versions of two of the articles cited in the FAC (the "Articles"), copies of which are attached hereto.  Bose requests that the Court consider these documents when ruling on its Motion to Dismiss.

On April 15, 2021, Bose filed its Motion to Dismiss the original complaint in this action (D.E. 14), and an Unopposed Motion Requesting Judicial Notice of the same Privacy Policy at issue in this Request (D.E. 15).  The Court granted that Motion Requesting Judicial Notice the next day, on April 16, 2021.  (D.E. 16.)

## II.    Documents to Be Judicially Noticed

Bose requests that the Court take judicial notice of the following documents:

**Exhibit A:** Amended Complaint in *Londers v. Intel Corporation*, Case No. 5:21-cv-182-JSM-PRL (M.D. Fla.), D.E. 19

**Exhibit B:** Article entitled "Session-Replay Scripts Disrupt Online Privacy in a Big Way," available at https://www.techrepublic.com/article/ session-replay-scripts-are-disrupting-online-privacy-in-a-big-way/, referenced in the FAC at ¶ 16(b)

**Exhibit C:** Article entitled "*Are Session Recording Tools a Risk to Internet Privacy?*," available at https://mopinion.com/are-session-recording-tools-a-risk-to-internet-privacy/, referenced in the FAC at ¶ 16(c)

**Exhibit D:** Memorandum of Points and Authorities in Support of Experian's Motion to Dismiss in *Alhadeff v. Experian Information Solutions. Inc.*, Case No. 8:21-cv-00395-CJC-KES (C.D. Cal.), D.E. 23-1

**Exhibit E:** Iteration of Bose's Privacy Policy in effect from January 2, 2020 to April 20, 2020, when Plaintiff claims to have visited the Website, referenced in the FAC at ¶¶ 60–64

**Exhibit F:** Current iteration of Bose's Privacy Policy in effect from April 21, 2020 to the present, when Plaintiff claims to have visited the Website, referenced in the FAC at ¶¶ 60–64

### III. Argument

In resolving a Rule 12(b)(6) motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources," including (1) documents incorporated by reference, and (2) matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *see also Parks v. Experian Credit Bureau*, No. 09-cv-1284, 2010 WL 457345, *1 (M.D. Fla. Feb. 4, 2010) (same).

### A. The Articles and Privacy Policy (Exhibits B, C, E & F) Are Incorporated by Reference into the FAC

A document need not be physically attached to a pleading to be incorporated by reference into it. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Indeed,

3

a document is incorporated by reference into a complaint where (1) it is central to the plaintiff's claim, (2) its contents were alleged in the complaint, and (3) no party questions those contents. *Quinette v. Reed*, 805 F. App'x 696, 700 (11th Cir. 2020) (citing *Day*, 400 F.3d at 1276). Here, the Articles and Privacy Policy easily meet these requirements.

**The Articles (Exs. B, C)**. Session replay software, including whether and how it is used, is central to Plaintiff's claim. *See* Fla. Stat. § 934.03(1)(d) (requiring Plaintiff to allege Defendant "intentionally use[d], or endeavor[ed] to use[]" the contents of the allegedly intercepted electronic communication. (*See also, e.g.*, FAC ¶ 2, 65, 79, 87.) Plaintiff spends considerable time in the FAC villainizing session replay software, including cherry-picked citations to numerous articles, but fails to provide the Court with the articles themselves. (*See, e.g.*, *id.* ¶¶ 9–11, 13–16.) Bose seeks judicial notice of two such Articles, cited in the FAC at Paragraphs 16(b) and (c), to provide the Court the full context of their content. As Plaintiff himself cites them, he cannot reasonably question their contents. Accordingly, the Articles are incorporated by reference in the FAC.

**The Privacy Policy (Exs. E, F).** The Privacy Policy is central to Plaintiff's claim because "consent" is an exception to the FSCA (*see* Fla. Stat. § 934.03(3)(d)), and the Privacy Policy expressly discloses the very same data collection that Plaintiff claims violated his rights. Further, "Defendant's terms of use [and/or] privacy policy" are explicitly referenced eight times in the FAC. (*See* FAC at ¶¶ 60–64.) And, Bose's Website, which links to the Privacy Policy, is explicitly referenced

4

in the FAC. (*Id.* ¶ 24 (citing www.bose.com.)  Finally, no party reasonably questions the contents of these documents, as indicated by the fact that this Motion is unopposed, and indeed, the Court previously granted judicial notice of the same Privacy Policy. (*See* D.E. 16.)  The Privacy Policy should therefore be incorporated by reference in the FAC.

### B. The Court May Take Judicial Notice of the Court Records, Articles, and Privacy Policy (Exhibits A–F)

#### 1. Exhibits A–F contain judicially noticeable facts.

Exhibits A–F are also subject to judicial notice—an independent basis for the Court to consider these documents in ruling on Bose's Motion to Dismiss. Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the jurisdiction of the trial court or are capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. ("FRE") 201(b). At the motion to dismiss stage, "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Hauser v. Steward Melbourne Hosp., Inc.*, 6:19-cv-1150, 2020 WL 917259, at *4 (M.D. Fla. Feb. 11, 2020) (citing *Universal Express, Inc. v. United States SEC*, 177 F. App'x 52, 53 (11th Cir. 2006); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

In *Hauser*, for example, the court granted the defendant's request that the court take judicial notice of the "chargemaster" posted on its website, which disclosed the very fee that the plaintiff alleged had not been disclosed. *Hauser*,

5

2020 WL 917259 at *3–4 (granting request for judicial notice and dismissing case with prejudice; noting that "Plaintiff's Complaint rises or falls on its challenge to Defendants' disclosure practices regarding the ER Facility Fee" and that "the website posting of the chargemaster showing the ER Facility Fees could not be gleaned directly from the allegations in the Complaint"). *See also Termarsch v. Argent Mortg. Co.*, No. 8:07-CV-1725, 2008 WL 1776592, at *4 n.4 (M.D. Fla. Apr. 16, 2008) (taking judicial notice, under FRE 201, of information available at the defendant-bank's website that the defendant "does not have offices located in Florida"); *Sure Fill & Seal, Inc. v. Platinum Packaging Grp., Inc.*, 8:10-CV-316, 2010 WL 11508051, at *2 (M.D. Fla. June 24, 2010) ("[T]he court may take judicial notice and consider additional documents that may not be attached or incorporated by reference where the document is integral."). Applying these principles, each exhibit identified in this request is judicially noticeable.

First, courts routinely take judicial notice of publicly filed court documents. "[A] district court may take judicial notice of court documents without converting a motion to dismiss into a motion for summary judgment." *Laney v. Slaten*, No. 6:15-cv-681, 2015 WL 13540997, at *2 (M.D. Fla. Oct. 22, 2015) (citing *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)). Accordingly, **Exhibits A & D** are properly subject to judicial notice.

Second, courts may take judicial notice of public articles. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811–12 (11th Cir. 2015) (affirming judicial

6

notice of five *Miami Herald* articles and two advertisements in the *Miami Herald*). Accordingly **Exhibits B & C** are properly subject to judicial notice.

And third, courts (including this one) regularly take judicial notice of a website's privacy policy. (*See* D.E. 16.) *See also In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (granting defendant's request that the court take judicial notice of terms of service and privacy policy; granting the defendant's request to incorporate by reference such documents into the allegations of the complaint); *In re Zoom Video Comms. Inc. Priv. Litig.*, 20-CV-02155, 2021 WL 930623, at *4 n.2 (N.D. Cal. Mar. 11, 2021) ("Public terms of service and privacy policies are proper subjects of judicial notice."). Accordingly, **Exhibits E & F** are properly subject to judicial notice.

Furthermore, Bose does not seek judicial notice of the *truth* of the assertions stated in Exhibit A–F, just the "statements the documents contain." *See Osheroff*, 776 F.3d at 811 n.4. Most notably, Bose asks the Court to consider the fact that the Privacy Policy makes representations about data collection from website visitors that may have informed those visitors' consent. *See Bryant*, 187 F.3d at 1277–78 (taking judicial notice of documents "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents"). In sum, Bose requests that this Court take judicial notice of Exhibits A–F, and consider them when ruling upon Bose's Motion to Dismiss

### 2. Bose has complied with the requirements of FRE 201(c)(2).

Under FRE 201(c)(2), "[t]he court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Bose has complied with the requirements of FRE 201(c)(2) by filing the instant Motion and attaching the documents. As described above, the documents and subject matters to be judicially noticed fall within FRE 201(b)(2). Plaintiff has been provided notice of this Motion by being served with a copy; and the Court has been furnished with the necessary information to take judicial notice of the documents referenced above.

### IV. Conclusion

Bose is filing, contemporaneously with the instant Motion, its Motion to Dismiss the FAC. For the foregoing reasons, Bose respectfully requests that this Court take judicial notice of the documents attached hereto and incorporated herein by reference, and consider them when ruling on its Motion to Dismiss.

### Local Rule 3.01(g) Certification

I hereby certify that counsel for Defendant has conferred with counsel for Plaintiff telephonically on June 4, 2021, and that Plaintiff does not oppose the relief sought herein.

Respectfully submitted,

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 228-8180
Fax: (813) 229-8189

and

COOLEY LLP
Aarti Reddy (California State Bar No. 274889)
(admitted *pro hac vice*)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222
Email:           areddy@cooley.com

*Attorneys for Defendant*
*Bose Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 228-8180
Fax: (813) 229-8189

*Attorneys for Defendant*
*Bose Corporation*

251206066

9